FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 19, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHARA TYESHA CUMINS,

    Defendant - Appellant.

No. 20-7039
(D.C. No. 6:19-CR-00017-RAW-2)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

This case grew out of the COVID-19 pandemic. The pandemic has

endangered all Americans, but the danger is heightened for Americans with

certain respiratory ailments. These dangers have led

- prison officials to place some prisoners on home confinement under the newly enacted CARES Act, Pub. L. No. 116–136, 134 Stat. 281 (2020) and

_____

[*]    Because oral argument would not materially aid our consideration of the appeal, we have decided the appeal based on the briefs and record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

- courts to grant early release to some prisoners under the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194.

Invoking both statutes, Ms. Shara Tyesha Cumins asked the district court to order home confinement or to require release based on her time served. The district court denied both requests and declined to reconsider these rulings. Ms. Cumins appeals. (We assume, for the sake of argument, that Ms. Cumins is appealing both the denial of relief and the denial of reconsideration.) We affirm.

The district court declined to order home confinement, reasoning that only the Bureau of Prisons can put an inmate in home confinement. The court was right. Home confinement amounts to a designation of the home as the place of imprisonment. Like other placement decisions, this one is reserved to the Bureau of Prisons' Director. CARES Act, Pub. L. 116–136, 134 Stat. 281, § 12003(b)(2); *see United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020) (stating that the CARES Act provides authority for the Bureau of Prisons to identify prisoners suited for home confinement).

Ms. Cumins also asked the district court to order early release. The government concedes that the court could order early release upon a finding of extraordinary and compelling reasons. 18 U.S.C. § 3582(c)(1)(A)(i). The district court concluded that Ms. Cumins's reasons for early release were not extraordinary and compelling, and we review

2

that conclusion under the abuse-of-discretion standard. *United States v. Mannie*, 971 F.3d 1145, 1147–48 (10th Cir. 2020).

In declining to order early release, the court acknowledged that it could order early release for prisoners with a serious medical condition diminishing the ability to provide self-care. U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A)(ii)(I) (U.S. Sent'g Comm'n 2018).

In district court, Ms. Cumins alleged a serious medical condition consisting of hypertension and asthma.[1] The district court concluded that Ms. Cumins's hypertension had resolved, and she does not question this conclusion. She instead relies on a diagnosis of asthma, which the Bureau of Prisons confirmed roughly two weeks before she moved for early release. The parties disagree, however, on the severity of her asthma.

The government acknowledged that the risk from COVID–19 is particularly severe for people suffering from moderate or severe asthma. But the government pointed out in district court that Ms. Cumins had not proven that her asthma was moderate or severe.

---

[1]      Ms. Cumins also argues that the court failed to consider that her children's caregiver is sick, her husband is incarcerated, and she is a first-time offender. But the court recognized that it could order early release upon incapacitation of the caregiver of a prisoner's children. U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(C)(i) (U.S. Sent'g Comm'n 2018). And the court noted Ms. Cumins's criminal history and her responsibility for her children. But the court reasoned that it had already considered these factors when imposing the sentence.

3

On appeal, Ms. Cumins argues that she has obtained evidence that her asthma is severe. But the district court couldn't abuse its discretion by failing to consider documents that had not been presented to it.

Nor could we consider those documents because they haven't been presented to us. We are not a court of first resort; our role is only to decide whether the district court abused its discretion in denying relief. We can consider only those documents in the record on appeal, and that record is limited to the docket sheet, the documents filed in district court, and transcriptions of the proceedings in district court. Fed. R. App. P. 10(a); *see Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1981) (stating that we are confined to the record on appeal and powerless to build a new record).

The district court not only questioned the severity of Ms. Cumins's asthma but also reasoned that the statutory sentencing factors would not support early release. The court pointed out that it had varied downward at the initial sentencing, and Ms. Cumins does not question this part of the district court's reasoning.

In our view, the district court acted within its discretion. It was up to the Bureau of Prisons to decide whether Ms. Cumins was a suitable candidate for home confinement. The court appropriately considered the possibility of early release. These considerations included Ms. Cumins's risk factors for COVID–19, but she presented no allegations or evidence

4

establishing that her asthma was moderate or severe. And the district court reasoned that the statutory sentencing factors would weigh against early release. This reasoning fell within the realm of discretion afforded to the district court. So we affirm the denial of Ms. Cumins's motion and the denial of reconsideration.

Entered for the Court


Robert E. Bacharach
Circuit Judge